UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WENCELAUS PROVOST, JR. | CIVIL ACTION |
| VERSUS | NO. 18-8845 |
| FIRST GUARANTY BANK, ET AL. | SECTION A(2) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 45)** filed by Defendants, First Guaranty Bank and Glenn Duhon (hereinafter collectively referred to as "Defendants"). Plaintiff Wencelaus Provost, Jr. opposes the motion (Rec. Doc. 46). The motion, set for submission on June 26, 2019, is before the Court on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Defendants' motion should be **DENIED** in part and **GRANTED** in part for the reasons set forth below.

## I. Background

From 2008 to 2015, Wencelaus Provost applied for various crop loans from First Guaranty Bank to finance the operation of his sugarcane farm. (Rec. Doc. 40 Second Amended Complaint, ¶ 34). Plaintiff brought the instant suit alleging that the Defendants' misconduct dating back to 2007 resulted in the 2015 foreclosure of his farm. (*Id.* at 120). Plaintiff pleads that Defendants committed various acts of misconduct as a result of racial discrimination in violation of the Equal Credit Opportunity Act ("ECOA"). (*Id.* at 136-145). Plaintiff also asserts claims pursuant to the Racketeer Influence and Corrupt Organizations Act ("RICO") and Louisiana state law for unjust enrichment. (*Id.* at 146-175). Defendants now request this Court to dismiss Plaintiff's ECOA and RICO claims for the failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550, U.S. 544, 555 (2007)).

## III. Discussion

Defendants argue that Provost's RICO claims should be dismissed because the claims are (1) time barred as a matter of law, and (2) Provost fails to demonstrate the requisite element that the actions of the alleged RICO "person" are distinguishable from the actions of the alleged

"enterprise" defendant. Defendants also argue that Provost's ECOA claims dating prior to September 21, 2013, should be dismissed because they are time barred. (Rec. Doc. 45-1, p. 2).

## A. RICO Statute of Limitations

RICO lacks an express statute of limitations; therefore, the U.S. Supreme Court established that the civil enforcement provision is subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.,* 483 U.S. 143, 152, 107 S.Ct. 2759, 2765, 97 L.Ed.2d 121 (1987). Fifth Circuit precedent adopts the "injury discovery rule" under which "a civil RICO claim accrues when the plaintiff discovers, or should have discovered, the injury." *Joseph v. Bach & Wasserman, LLC.,* 487 Appx. 173, 176 (5th Cir. 2012)(quoting *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 773 (5th Cir. 2000)).

Defendants argue that Provost fails to state a RICO claim upon which relief can be granted because his RICO claims are time barred. (Rec. Doc. 45-1, p. 3). Defendants assert that Provost discovered or should have discovered his alleged injuries in 2008. (*Id.*). Specifically, Defendants cite allegations in the Second Amended Complaint that the reduced size of the farm, the farm's substantially less profit, and Plaintiff's outstanding loan balance demonstrated that Provost knew or should have known by the end of 2008 that Defendants were fraudulently manipulating Provost's crop loan applications and awards. (*Id.* at 4). Defendants also cite the Second Amended Complaint and Provost's allegations regarding the unreasonable and onerous requirements on his 2008 application for a crop loan and First Guaranty Bank's withdrawal from the 2009 crop loan. (*Id.*).

Provost opposes the motion on two grounds: the doctrine of fraudulent concealment and the separate accrual rule. The doctrine of fraudulent concealment provides that "the limitations period is tolled until the plaintiff discovers, or with reasonable diligence should have discovered,

the concealed fraud." *Joseph,* 487 Appx. at 177 (quoting *Love*, 230 F.3d at 779). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Securities (USA) LLC v. Simmonds,* 566 U.S. 221, 227, 132 S.Ct. 1414, 1419, 182 L.Ed.2d 446 (2012)(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Fraudulent concealment requires: (1) the defendant concealed the facts at issue; and (2) the plaintiff failed to discover the relevant facts despite the exercise of due diligence. *Martin v. Grehn,* 546 Fed.Appx. 415, 420 (5th Cir. 2013).

In accepting all factual allegations in the complaint as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff's RICO claim is not time barred. Plaintiff argues, and the Court agrees, that the Second Amended Complaint contains various allegations sufficient to state a plausible claim for equitable tolling pursuant to the doctrine of fraudulent concealment that is plausible on its face. (Rec. Doc. 46, p. 13). The Second Amended Complaint alleges that Senior Vice President Duhon, in connection with the conduct and control of First Guaranty Bank, "repeatedly made misrepresentations to USDA regarding Mr. Provost's farm and the loans provided by First Guaranty Bank to Mr. Provost's farm, which constitutes a pattern of racketeering activity." (Rec. Doc. 40, ¶¶ 146-148). The Second Amended Complaint identifies various instances in which Duhon and First Guaranty Bank transmitted false crop loan applications to the USDA. (*Id.*). The Second Amended Complaint also alleges that Defendants instructed him to sign blank loan applications which "allowed First Guaranty Bank to unilaterally insert the terms for the crop loan application, including the amount and the interest rate. First Guaranty Bank subsequently submitted each application to FSA for review and concurrence, without first showing the application to Mr. Provost." (*Id.* at 36). Plaintiff also

alleged that First Guaranty Bank forged his signature on multiple revised applications. (*Id.* at 59). Additionally, Plaintiff pleads in the Second Amended Complaint:

> Until April 2015, despite exercising due diligence, Mr. Provost could not possibly have learned about the fraudulent misrepresentations made by Defendants to USDA. Defendants affirmatively concealed from Mr. Provost all misrepresentations made by First Guaranty Bank and Senior Vice President Duhon to USDA. Defendants have never disclosed to Mr. Provost any of the documents, communications, or actions that evidence their fraudulent misrepresentations. Mr. Provost was only able to discover the fraudulent misrepresentations when, in April 2015, FSA Loan Officer William Husband acted as a whistleblower and began providing Mr. Provost and his wife access to documents located in Mr. Husband's office.

(*Id.* at 132).

Plaintiff sufficiently pled that Defendants concealed the facts at issue through private communications with the USDA, and that Plaintiff exercised due diligence not discovering the facts until an FSA loan officer acted as a whistleblower in April 2015. Considering Plaintiff filed suit in September 2018, Plaintiff was within the four-year statute of limitations. It is not necessary for the Court to address the separate accrual rule as the Court finds Plaintiff sufficiently pled equitable tolling under the doctrine of fraudulent concealment.

**B. RICO Requisite Element of "Person" Distinguishable from "Enterprise"**

Pursuant to 18 U.S.C. § 1962,

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

§ 1962(c). In order for a plaintiff to establish liability, he must allege and prove the existence of two distinct entities: (1) a "person;" and (2) an "enterprise." *Cedric Kushner Promostions, Ltd. v. King,* 533 U.S. 158, 161, 121 S.Ct. 2087, 2090, 150 L.Ed.2. 198 (2001).

Defendants argue that the Second Amended Complaint fails to allege a differentiation between the acts of Duhon and First Guaranty Bank. (Rec. Doc. 45-1, p. 6). Defendants allege that the Second Amended Complaint lacks allegations of how Duhon acted as a separate and distinct individual from First Guaranty Bank. (*Id.*). Defendants cite various excerpts from the Second Amended Complaint in which Plaintiff pleads that "First Guaranty Bank and Senior Vice President Duhon" engaged in various RICO violations. (*Id.* at 6-7). Defendants assert that the "identical" acts between Duhon and First Guaranty Bank lack any distinction establishing Duhon separate from First Guaranty Bank. (*Id.* at 8).

Plaintiff responds that Defendants "fundamentally misconstrue" Plaintiff's RICO claim in that Plaintiff does not allege a RICO claim against First Guaranty Bank. (Rec. Doc. 46, p. 9). Rather, Plaintiff asserts that First Guaranty Bank is named as the "enterprise," but it is not named a defendant in the RICO cause of action. (*Id.*). Additionally, Plaintiff argues that Defendants are imposing an "entirely fabricated" requirement that the "person" and the "enterprise" shall engage in completely distinct acts establishing the pattern of racketeering. (Rec. Doc. 46, p. 11).

The Second Amended Complaint alleges that "Duhon and Plaintiff each constituted a 'person' within the meaning of 18 U.S.C. § 1961(3), as each was capable of holding a legal or beneficial interest in property," and that "the corporation First Guaranty Bank constituted an 'Enterprise' within the meaning of 18 U.S.C. § 1961(4)" because "[a]mong other things, the Enterprise provided loans and other banking services across multiple states, and it transacted business through the use of the United States mails and interstate telephone wires." (Rec. Doc. 40, ¶¶ 147-149). The Second Amended Complaint further pleads that "Senior Vice President Duhon is a separate person, distinct from the Enterprise itself, who unlawfully used the Enterprise as a vehicle through which unlawful activity was committed." (*Id.* at 150).

As stated above, the RICO statute establishes that it is unlawful for the person to "conduct or participate, *directly*, or indirectly, *in the conduct of such enterprise's affairs* through a pattern of racketeering activity." Based on well-established precedent, the Court finds no error in the Second Amended Complaint naming the acts of Duhon conjunctive with the acts of First Guaranty Bank. *Zastrow v. Houston Auto Imports Greenway Ltd.,* 789 F.3d 553, 565 n. 7 (5th Cir. 2015)("to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs, § 1962(c), one must participate in the operation or management of the enterprise itself."); *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 447 (5th Cir. 2000) ("Although a defendant may not be both a person and an enterprise, a defendant may be both a person and a part of an enterprise. In such a case, the individual defendant is distinct from the organizational entity."). Because Plaintiff identified Duhon as the "person" and First Guaranty Bank as the "enterprise," this "allegation is sufficient to demonstrate that the RICO person, an individual employee of the corporation, is distinct from the RICO enterprise, the corporation itself." *Abraham v. Singh,* 480 F.3d 351, 357 (5th Cir. 2007). As stated by the Supreme Court, "it does not deny that a corporation acts through its employees; it says only that the corporation and its employees are not legally identical." *Cedric,* 533 U.S. at 166, 121 S.Ct. at 2092. The Court finds that Plaintiff pled facts sufficient to establish a RICO claim that is plausible on its face.

### C. ECOA Statute of Limitations

A civil action brought pursuant to the ECOA is subject to a five-year statute of limitations "after the date of the occurrence of the violation." 15 U.S.C. § 1691e(f). Section 1691 provides for two express statutory exceptions including:

> (1) whenever any agency having responsibility for administrative enforcement under section 1691c of this title commences an enforcement proceeding within 5 years after the date of the occurrence of the violation,

(2) whenever the Attorney General commences a civil action under this section within 5 years after the date of the occurrence of the violation

15 U.S.C. § 1691e(f).

Defendants argue that because Plaintiff filed the Complaint on September 21, 2018, any claims for ECOA violations occurring before September 21, 2013, are time barred. (Rec. Doc. 45-1, p. 9). Defendants also assert that Plaintiff fails to meet the statutory exceptions established in section 1691. (Rec. Doc. 45-1, p. 8). Plaintiff responds that the Second Amended Complaint pleads that Defendants' violations of the ECOA were unlawful acts that fall within the continuing violation doctrine. (Rec. Doc. 46, p. 22). As such, Plaintiff argues that his ECOA claims are not time barred because the violations prior to September 21, 2013, were part of a continuing practice of discrimination related to Plaintiff's race. (*Id.* at 24).

The Fifth Circuit case *Archer v. Nissan Motor Acceptance Corp.* is enlightening on the issue before the Court. The Fifth Circuit in *Archer* held that equitable tolling involving the discovery rule does not apply to ECOA claims, including those cases involving racial discrimination. *Archer*, 550 F.3d 506, 508 (5th Cir. 2008). The Fifth Circuit articulated that the ECOA clearly and unambiguously created a "jurisdictional bar under which 'federal courts lack the power to extend the period to allow for late adjudication of claims.'" *Id.* (quoting *Davis v. Johnson,* 158 F.3d 806, 810 (5th Cir. 1998)). The Fifth Circuit stated that the clear statute foreclosed equitable doctrines particularly considering the 1976 amendment to the ECOA extending the statute of limitations from one year to two years. *Id.* This denial is even more so considering the current revision of the statute of limitations to a five-year period. "Congress thus sought to accommodate aggrieved individuals by enlarging the limitations period in which to discover unapparent violations. Such an accommodation would have been unnecessary if Congress intended the courts to engraft equitable tolling doctrines onto the statute." *Id.* at 509.

Consistent with the Fifth Circuit, this Court declines to apply the equitable tolling "continuing violation doctrine" to Plaintiff's ECOA claims. Plaintiff did not plead nor argues now that the statutory exceptions apply to his claim. Plaintiff filed suit on September 21, 2018. Therefore, Plaintiff's claims for ECOA violations occurring before September 21, 2013 are dismissed as time barred by the five-year statute of limitations.

## IV. Conclusion

Accordingly;

IT IS ORDERED that the **Motion to Dismiss (Rec. Doc. 45)** is **DENIED** in part regarding Plaintiff's Racketeer Influence and Corrupt Organizations Act claims. Regarding Plaintiff's claims pursuant to the Equal Credit Opportunity Act occurring before September 21, 2013, the motion is **GRANTED**.

New Orleans, Louisiana, this 26th day of July, 2019

                                        JUDGE JAY C. ZAINEY
                                      UNITED STATES DISTRICT JUDGE